**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA**

**DOUGLAS CHIODINI, on behalf of himself
and all others similarly situated,**

                                        **CASE NO.:  6:23-cv-147
DIVISION:  ORLANDO**

            **Plaintiff,**

**v.**

**BH MANAGEMENT SERVICES, LLC,**

            **Defendant.**

_____

## CLASS ACTION COMPLAINT

Plaintiff, Douglas Chiodini (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned counsel, brings this class action against Defendant, BH Management Services, LLC (hereinafter "BH Management" or "Defendant") and alleges:

## I.      INTRODUCTION

1.     This class action arises from BH Management's (a) premature taking of tenants' security deposits to offset damage claims; and (b) failure to provide all tenants a statutorily required Notice of Intention to Impose a Claim on Security Deposit Letter ("Security Deposit Letter") in violation of the Florida Residential Landlord Tenant Act ("FRLTA"), Fla. Stat. §83.40 *et seq*., and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq*.

2.     BH Management is one of the largest property management companies in the United States. As part of its property management services in Florida, BH Management provides leasing, security deposit, and billing services for numerous residential apartment complexes that it manages.

3.      For example, BH Management handles new tenant leasing and utilizes a standard form lease agreement. **EXHIBIT A** (Plaintiff's "Lease"). A BH Management employee signs the lease agreement with the new tenant on behalf of the landlord. **EXHIBIT A.**

4.      For example**,** BH Management Employee, Jesenia Lopez, signed Plaintiff's lease binding both BH Management and the landlord.

5.      The Lease lists BH Management as manager of these apartments.

6.      Additionally, BH Management collects and returns the security deposits of tenants at all properties it manages in Florida. If BH Management, on behalf of the landlord, seeks to impose a damage claim upon a tenant's security deposit, BH Management conducts the initial collection attempt. **EXHIBIT B.**

7.      For example, BH Management sent the Collection Letter attached hereto as Exhibit B to Plaintiff after he moved out of the property. **EXHIBIT B.**

8.      After a tenant moves out, Fla. Stat. 83.49(3)(a) requires BH Management to either return the security deposit in full to a tenant within 15 days of moveout or send a certified mail notice of its intent to impose a claim against a tenant's security deposit that includes the statutory language required by Fla. Stat. 83.49(3)(a) within 30 days of move out ("Security Deposit Letter"):

9.      However, when BH Management seeks to impose a claim upon a tenant's security deposit as part of its damage claim collection efforts, BH Management fails to send a Security Deposit Letter that complies with Fla. Stat. 83.49(3)(a).

10.     Instead, BH Management sends a standard form Collection Letter (**Exhibit B**) and Move Out Statement (**Exhibit C**) which explains that BH Management has already illegally deducted and taken possession of the tenants' security deposit and sets for an additional amount allegedly due.  The letter impermissibly offsets the amount due after deducting the entirety of the

security deposit.  In other words, BH Management has already taken the deposit before tenants have an opportunity to object to those charges in violation of the FRLTA.

11.     For example, Plaintiff's lease ended on July 18, 2022.  On that same day BH Management deducted Plaintiff's $400 security deposit account and transferred those funds to its general account to pay for utility charges and damage claims that BH Management sought to collect from Plaintiff.

12.     Additionally, upon information and belief, BH Management's routine practice is to only send a "Collection Letter" (**Exhibit B**) and Move Out Statement (**Exhibit C**) to all tenants in Florida.

13.     Fla. Stat. §83.49(3)(a) of the Landlord Tenant Act states:

(a)   Upon the vacating of the premises for termination of the lease, if the landlord does not intend to impose a claim on the security deposit, the landlord shall have 15 days to return the security deposit together with interest if otherwise required, or the landlord shall have 30 days to give the tenant written notice by certified mail to the tenant's last known mailing address of his or her intention to impose a claim on the deposit and the reason for imposing the claim. The notice shall contain a statement in substantially the following form:

> This is a notice of my intention to impose a claim for damages in the amount of _____ upon your security deposit, due to _____. It is sent to you as required by s. 83.49(3), Florida Statutes. You are hereby notified that you must object in writing to this deduction from your security deposit within 15 days from the time you receive this notice or I will be authorized to deduct my claim from your security deposit. Your objection must be sent to (landlord's address) .

If the landlord fails to give the required notice within the 30-day period, he or she forfeits the right to impose a claim upon the security deposit and may not seek a setoff against the deposit but may file an action for damages after return of the deposit.

14.     Neither the Collection Letter nor the Move Out Statement sent by BH Management to Plaintiff includes the notice language required by Chapter 83.

15.     Additionally, the Collection Letter and Move-Out Statement show that BH Management had already taken possession of Plaintiff's security deposit funds before the 15 day objection period had expired in violation of the FRLTA.

16.     Thus, BH Management has failed to send a legally sufficient Security Deposit Notice Letter to Plaintiff or any other Florida tenant before taking possession of the tenant's security deposit in violation of Fla. Stat. §83.49(3)(a).  As a result of not providing the required notice, the landlord "forfeits the right to impose a claim upon the security deposit and may not seek a setoff against the deposit."

17.     Plaintiff and the Class seek a return of their security deposits in full as a result of the FRLTA violations, and statutory and actual damages under the Florida Consumer Collection Practices Act ("FCCPA") for asserting a legal right to tenant security deposits when that right does not exist.

## II.     JURISDICTION AND VENUE

18.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because there are at least 100 Class members in the proposed Class, the combined claims of proposed Class members exceed $5,000,000, exclusive of interest and costs, and at least one Class member is a citizen of a state other than Defendant's state of citizenship. This Court also has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. §1367.

19.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendant resides in this District and most of the events or omissions giving rise to Plaintiff's claims occurred in this District and Defendant is subject to personal jurisdiction in this District.

### III.   PARTIES

20.     Plaintiff Douglas Chiodini is a natural person who resides in Winter Springs, Seminole County, Florida and is a "consumer" as that term is defined by Fla. Stat. §559.55(8). Plaintiff has standing to bring a claim under the FCCPA because he was directly affected by violations of these Acts and was subjected to BH Management's illegal and improper debt collection activities.

21.     Plaintiff, at all material times herein, was a "tenant" pursuant to Fla. Stat. §83.43(4). "Tenant" means any person entitled to occupy a dwelling unit under a rental agreement, pursuant to the FRLTA.

22.     Defendant BH Management Services, LLC, is an Iowa limited liability company, whose principal address is 400 Locust Street, Ste 790, Des Moines, IA 50309. BH Management conducts business in this District and other Districts in Florida.

23.     Defendant BH Management, at all material times, was and is a "landlord" pursuant to Fla. Stat. §83.43, as it is the agent of the owner or lessor of a dwelling unit in Florida. In fact, it is the agent of the owner or lessor of many dwelling units in Florida.

24.     Defendant BH Management is a "person" subject to Fla. Stat. § 559.72.  *See* Fla. Stat. § 559.55(5),(7); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

### IV.   FACTUAL ALLEGATIONS

**A.     Florida Tenant Security Deposits are Strictly Regulated**

25.     The Florida legislature recognized that in a residential setting, landlords and tenants do not bargain from equal positions of power and knowledge, and in turn require

landlords and property management companies to strictly comply with security deposit laws set forth in the FRLTA. *See* generally Fla. Stat. § 83.49.

26.     After a tenant moves out, Fla. Stat. 83.49(3)(a) of the FRLTA requires the landlord to either return the deposit in full within 15 days of moveout or send a Notice Letter by certified mail of its intent to impose a claim against the tenant's security deposit within 30 days of move out ("Security Deposit Letter").

27.     Specifically, Fla. Stat. 83.49(3)(a) of the FRLTA states:

(a)     Upon the vacating of the premises for termination of the lease, if the landlord does not intend to impose a claim on the security deposit, the landlord shall have 15 days to return the security deposit together with interest if otherwise required, or **the landlord shall have 30 days to give the tenant written notice by certified mail to the tenant's last known mailing address of his or her intention to impose a claim on the deposit and the reason for imposing the claim.** The notice shall contain a statement in substantially the following form:

> This is a notice of my intention to impose a claim for damages in the amount of  upon your security deposit, due to . It is sent to you as required by s. 83.49(3), Florida Statutes. You are hereby notified that you must object in writing to this deduction from your security deposit within 15 days from the time you receive this notice or I will be authorized to deduct my claim from your security deposit. Your objection must be sent to  (landlord's address)  .

28.     The penalty for noncompliance with the FRLTA's Security Deposit Notice Letter requirement is that the landlord forfeits the legal right to collect any of the security deposit funds and all security deposits still in the landlord's passion must be returned:

> If the landlord fails to give the required notice within the 30-day period, he or she forfeits the right to impose a claim upon the

> Security Deposit and may not seek a setoff against the deposit but may file an action for damages **after return of the deposit**.

Fla. Stat. § 83.49(3)(emphasis added).

29.    The FRLTA also restricts when the landlord can take possession of security deposit funds.  When a tenant receives a Security Deposit Letter within 30 days of move out, explaining the landlord's intent to make a claim against those funds, Fla. Stat. 83.49(3)(b) provides the tenant with 15 days to object to the landlord's claim.  If the tenant does not object to the claim within the 15 day objection period, then and only then can the landlord take possession and control of the tenant's security deposit funds under Fla. Stat. 83.49(3)(b).  In other words, even when a valid Notice Letter is issued, the landlord cannot take possession of the tenant's security deposit until after the 15-day objection period has passed with no objection.[1]

30.    The landlord cannot apply the security deposit monies towards an outstanding balance in the Security Deposit Letter because at the time the letter is sent, the landlord has no legal right to those funds:

> (b)   Unless the tenant objects to the imposition of the landlord's claim or the amount thereof within 15 days after receipt of the landlord's notice of intention to impose a claim, **the landlord may then deduct the amount of his or her claim and shall remit the balance of the deposit to the tenant within 30 days after the date of the notice of intention to impose a claim for damages.** The failure of the tenant to make a timely objection does not waive any rights of the tenant to seek damages in a separate action.

Fla. Stat. 83.49(3)(b)(emphasis added)

31.    The Florida legislature also added Fla. Stat. § 83.49(1)(a) to the FRLTA which prevents landlords from prematurely taking possession of security deposits:

---

[1] In turn, if the tenant does object within 15 days of receiving the Security Deposit Letter sent by certified mail, the landlord must return the entire security deposit to the tenant, and file a lawsuit for any charges it wishes to recover.

The landlord shall not comingle such moneys with any other funds of the landlord or hypothecate, pledge, or in any other way make use of such moneys *until* such moneys are actually due the landlord.

(Emphasis added).

32.      Thus, the FRLTA prohibits landlords from taking possession of tenant security deposits before giving them an opportunity to object to the charges being imposed.  After all, this is the tenant's money and is only being held by the landlord.  If this protection did not exist, landlords could simply take tenants' securities deposits before the tenant was even advised what the charges were and before the tenant had any opportunity to object to such charges.  The legislature put this burden on the landlord because it is the one asserting the right to keep all or a portion of the security deposit.

**B.      Plaintiff' Lease Agreement**

33.      Plaintiff entered into a standard form "Lease Agreement" with a landlord identified in the lease as "PBH Barrington, LLC," for an apartment located in Oviedo, Florida.  The term of the lease was from July 19, 2021 through July 18, 2022. (**Exhibit A**- **Plaintiff' Lease Agreement).**

34.      Section 1 of the Lease Agreement declares that BH Management is the Manager of the property and states that the manager "is authorized to receive notices and demands on the landlord's behalf."  **EXHIBIT A**, p. 1.

35.      BH Management conducted the leasing and management of Plaintiff's unit and utilized a standard form "Apartment Lease Contract" published by the National Apartment Association ("NAA").

36.      BH Management conducts the leasing and utilizes the standard form NAA Apartment Lease Contract for all its tenants at all locations it manages in Florida.

37.     In fact, BH Management, through its employee Jesenia Lopez, was the only person who signed the lease agreement other than the tenants. **EXHIBIT A**, p.70 (BH Management Employee Jesenia Lopez signature).

38.     BH Management signs the leases at all properties in manages in Florida.

39.     BH Management is the entity that collects tenant security deposits at the beginning of the lease term.

40.     BH Management is the entity that assesses damage to the apartments and asserts claims against tenant security deposits at all properties it manages in Florida.

41.     Prior to moving in, Plaintiff paid BH Management a Security Deposit of $400 pursuant to section 4 of the Lease.  **EXHIBIT A**, p. 1.

42.     Plaintiff complied with all Lease obligations during his tenancy.

43.     On June 18, 2022, Plaintiff provided a signed notice of intent to move out to BH Management.  That notice contained a forwarding address that BH Management could use to return Plaintiff's security deposit or to send a Security Deposit Letter as required by the FRLTA.

44.     Plaintiff moved out of BH Management's apartment on July 18, 2022.

45.     Paragraph 51 of the Lease lists deductions and other charges that can be made against the Security Deposit.  These deductions are subject to the FRLTA Security Deposit Letter requirements before they can be deducted.

**C.     BH Management's Collection Letter and Move Out Statement**

46.      Despite Plaintiff providing BH Management with a valid forwarding address, BH Management mailed a Collection Letter and Move Out Statement to the apartment unit Plaintiff moved out of at 2753 Chaddsford Circle, Apartment 301, Oviedo, Florida 32765.

47.     BH Management's Collection Letter (Exhibit B) and Move Out Statement (Exhibit C) sent to Plaintiff do not contain any of the statutory language required under Fla. Stat. 83.49(3)(a).

48.     On information and belief, BH Management does not include the required statutory language in Collection Letters and Move Out Statements sent to tenants at all properties BH Management manages within the state of Florida.

49.     BH Management's Collection Letter (Exhibit B) and Move Out Statement (Exhibit C) are standard form documents that are the same for all properties it manages in Florida.

50.     The Move Out Statement (Exhibit B) shows that on July 18, 2022, BH Management illegally took possession of tenants' security deposit and applied those funds to amounts BH Management was seeking to collect from Plaintiff without providing Plaintiff with an opportunity to object to those charges in violation of the FRLTA. BH Management has this uniform practice for all properties in manages in Florida of taking these funds for its own use before the 15-day notice period of Chapter 83 has expired.

51.     The Collection Letter sent to Plaintiff by BH Management, on or around July 27, 2022, plainly indicates that the "balance" owed is the result of deducting the entire $400 security deposit from the amount allegedly owed:

Dear Douglas,

We hope your residency with us at Promenade at Aloma was a pleasant one and should the need arise again we would like for you to consider Promenade at Aloma for your home.

Enclosed you will find a copy of your final move-out statement.

Your final account balance is **$402.32..**

Payment is due upon receipt of this letter or within thirty (30) days of move-out.

Please send payment to:

Central Billing/Debt Logic

ATTN: Promenade at Aloma
2973 Harbor Blvd Suite #663
Costa Mesa, CA 92626

Payments not received within thirty (30) days from move out will be considered
past due.

Past due accounts will proceed into full collection status with our collection agency
and the delinquent amount reported to the credit bureaus. If payment has already
been remitted, please disregard.

Should you have any questions please feel free to contact the office at 407-672-
6112.

We appreciate your immediate attention to this matter.

**(Exhibit B).**

52.     But there is more, the Move Out Statement sent with the Collection Letter also

shows that in order for BH Management to seek collection on a final account balance of $402.32

in the Collection Letter, BH Management prematurely took possession of Plaintiff's $400 security

deposit.

53.     The Move Out Statement shows that on July 18, 2022, BH Management deducted

$40.32 from Plaintiff's $400 security deposit to pay for the Final Allocated Sewer charge, Final

Allocated Water Charge, Final Move Out Fee, and Final Service Fee:

| 07/08/2022 | Final Allocated Sewer - 06/01/22-07/18/22 | 23.56 | 0.00 | 23.56 | 102258450 |
|---|---|---|---|---|---|
| 07/08/2022 | Final Allocated Water - 06/01/22-07/18/22 | 5.76 | 0.00 | 29.32 | 102258451 |
| 07/08/2022 | Final Move Out Fee | 10.00 | 0.00 | 39.32 | 102258452 |
| 07/08/2022 | Final Service Fee | 1.00 | 0.00 | 40.32 | 102258453 |
| 07/18/2022 | :Escrow Deposits-Refundable credit | -400.00 | 0.00 | (359.68) | 102427732 |

**(Exhibit C).**

54.     Each of these premature deductions from Plaintiff's security deposit violate the

FRLTA because BH Management prematurely deducts these charges before any notice is given.

11

55.     BH Managements routinely makes the same premature deductions from tenants at all properties it manages in Florida.

56.     Next, after deducting the $40.32 from Plaintiff's security deposit, BH Management posts an amount to be refunded amount of $359.68 on July 18, 2022. However, that same day, BH Management prematurely deducts the $359.68 remaining of Plaintiff's security deposit and applies it to the following damage charges: $728 (Carpet Replacement), $4 (venetian blind replacement (2)), and $30 (Miniblind replace) for a grand total of $762 in damage charges. After deducting Plaintiff's remaining security deposit balance of $359.68 from the $762 in total damage charges, the remaining balance is $402.32, which is the amount BH Management sought to collect in its Collection Letter (**Exhibit B**) sent to Plaintiff:

| 07/18/2022 | :Escrow Deposits-Refundable credit | -400.00 | 0.00 | (359.68) |
|---|---|---|---|---|
| 07/18/2022 | Amount to be refunded | 359.68 | 0.00 | 0.00 |
| 07/18/2022 | Damages-Carpet Replacement, prorated | 728.00 | 0.00 | 728.00 |
| 07/18/2022 | Damages-Other: Venetian blind replacement (2) | 4.00 | 0.00 | 732.00 |
| 07/18/2022 | Damages-Other: Miniblind replacement (one bedroom) | 30.00 | 0.00 | 762.00 |
| 07/18/2022 | Adjustment to Amount to be refunded | -359.68 | 0.00 | 402.32 |

57.     Thus, the Move Out Statement evidences that BH Management deducted Plaintiff's security deposit and took possession of those monies on July 18, 2022, which was the day Plaintiff moved out. BH Management's deduction clearly did not provide Plaintiff the 15-day objection period to those charges under the FRLTA because BH Management deducted the deposit on the same day that Plaintiff moved out.

58.     More concerningly, is that neither the Collection Letter nor the Move Out Statement provide the statutory language that is required under FRLTA that would have provided Plaintiff notice that he has the right to object to claims being made against his security deposit within 15 days of receiving the certified mail letter.

59.     Thus, BH Management knowingly sent its Collection Letter and Move Out Statement seeking to collect $402.32 from Plaintiff when BH Management did not have a right to those monies because it did not comply with Fla. Stat. § 83.49(3)(a) and (b) notice and objection requirements.

60.     Upon information and belief, it is BH Management' routine business practice to claim/deduct/take ownership of tenants' security deposits before the Fla. Stat. § 83.49(3)(b)  15 day object period expires for all its tenants at all their Florida rental homes.

61.     Therefore, BH Management knowingly take possession and control of all of their tenants at each and every one of their Florida rental homes before the 15 day objection period has expired.  BH Management must give notice within 30 days of moveout of its intent to impose a claim on the tenants' security deposits, and the notice must contain the statutory notice language. Following that, BH Management must wait 15 days and if the tenant does not object, it can then take possession and control of the Security Deposit pursuant to Fla. Stat. §83.49(3). Additionally, BH Management violate the prohibition on commingling funds "*until* such moneys are actually due the landlord" under Fla. Stat. § 83.49(1)(a) by prematurely taking possession of the sewer fee, water fee, final move out fee, final service fee, and the damage charges.

62.     Plaintiff suffered actual damages from prematurely losing their security deposit and not receiving a Security Deposit Letter.

63.     The FRLTA is clear that, "[i]f the landlord fails to give the required notice within the 30-day period, he or she **forfeits the right to impose a claim upon the Security Deposit and may not seek a setoff against the deposit** but may file an action for damages **after return of the deposit**." Fla. Stat. §83.49(3)(a)(emphasis added).

64.     Thus, BH Management forfeit the Security Deposit paid by Plaintiff, and that amount must be returned to him.

**D.     The Premature Withholding of Each Security Deposit is Improper Consumer Debt Collection**

65.     BH Management took steps to collect on a consumer debt when it had no legal right to do so by failing to return the Security Deposit to Plaintiff without sending a Security Deposit Letter.

66.     BH Management is a subsidiary of a national rental management company with offices in Florida. It has knowledge of the rights and duties of landlords and property managers under the FRLTA, including those under Fla. Stat. §83.49.

67.     Pursuant to Fla. Stat. § 83.49(3), if the landlord does not provide the proper Notice to the tenant, he not only forfeits any right to the security deposit, the FRLTA prohibits the landlord from seeking a setoff against the security deposit:

> If the landlord fails to give the required notice within the 30-day period, he or she forfeits the right to impose a claim upon the Security Deposit and may not seek a setoff against the deposit but may file an action for damages after return of the deposit.

Fla. Stat. § 83.49(3).

68.     Pursuant to the Florida Consumer Collection Practices Act ("FCCPA"), § 559.72(9):

> "in collecting consumer debts, no person shall . . . [c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or **assert the existence of some other legal right when such person knows that the right does not exist**."

69.     Therefore, BH Management can't seek a setoff "against the deposit" until after proper certified mail notice has been sent and the 15 day objection period has expired.

70.     BH Management's Collection Letter asserts a legal right it did not have as it seeks a set off against the security deposit without first providing the Notice Letter and 15 day objection period.  Because a compliant Notice Letter was never provided, BH Management had not legal right to the security deposit and it had no legal right to seek a set off against the security deposit. In fact, the FRLTA does not permit BH Management to seek any payments from tenants, including Plaintiff, until after it refunds the security deposit.  As such, the sending of its Collection letter violates the FCCPA by asserting legal rights it does not have.

71.     BH Management knowingly and routinely takes possession of tenant security deposits without sending a compliant Security Deposit Notice Letter at all. BH Management does not possess the legal right to take ownership of any security deposits without first sending a compliant Security Deposit Notice Letter and waiting 15 days to provide the tenant with an opportunity to object.

72.     BH Management knows that it does not possess a legal right to take possession of tenant Security Deposit or seek a setoff against the security deposit until after it has properly sent a compliant Security Deposit Letter and the 15 day objection period has expired. Only then does BH Management possess a right to take Plaintiff Security Deposit or seek a set off against it.

73.     BH Management violated the FCCPA for Plaintiff and all members of the putative class.

74.     Plaintiff suffered actual damages as a result of BH Management's collection practices by prematurely having his security deposit deducted.

## V.    CLASS REPRESENTATION ALLEGATIONS

75.    Plaintiff brings this action as a class action pursuant to Rule 23 (b)(2) and (b)(3), of the Federal Rules of Civil Procedure on behalf of himself and all others similarly situated as members of the Class listed below:

> **COLLECTION LETTER CLASS:** All persons in the State of Florida who received a Collection Letter and Move Out Statement in substantially the same for as Exhibit B and C from BH Management and had any portion of their security deposit retained.

Collectively the "Class".

76.    The Class Period for the Class begins five years prior to the filing of the original Complaint in this matter and ends when this Court issues an Order approving Class Notice.

77.    Plaintiff is unable to state the exact number of members of the Plaintiff Class because that information is solely in the possession of BH Management.  However, the exact number of class members, including the names and addresses of all class members, will be easily ascertained through a review of Defendant's business records.  The putative Class individually includes many Florida tenants due to the number of properties that BH Management operates and manages within the state.

78.    BH Management utilizes the same standard form Lease Agreement, Collection Letter, and Move Out Statement in connection with its collection efforts for Security Deposit withholdings and routinely fails to provide notice to impose a claim on Security Deposits in compliance with the FRLTA. Therefore, the putative Class is so numerous that joinder of all members would be impracticable.

79.    Questions of law and fact common to the Plaintiff Class exist and predominate over questions affecting only individual members.  Specifically, the predominating common questions include:

    a.   Whether Defendant violated the FRLTA by not providing Security Deposit Notice Letters to tenants which include the statutory language required by FRLTA § 83.49(3)(a);

    b.   Whether Defendant's act of taking possession and control over tenant Security Deposits prior to expiration of the 15 Day Objection period violates the FRLTA § 83.49(3)(b);

    c.   Whether Defendant's attempt to seek a setoff against tenant security deposits through its Collection Letter without first providing a Notice Letter in compliance with FRLTA § 83.49(3) and failing to wait for the 15-day objection period to expire before taking possession of those amounts, makes its collection efforts unlawful in violation of FCCPA § 559.72(9);

    d.   Whether the members of the Class have sustained damages, and if so, the proper measure of damages, including actual and statutory.

80.    The claims asserted by the named Plaintiff in this action are typical of the claims of the members of the Plaintiff Class because, upon information and belief, BH Management use standardized form documents and policies when asserting claims against tenant Security Deposits and when attempting to collect debts from Florida tenants after move out.

81.    The claims of Plaintiff and of the Plaintiff Class originate from the same conduct, practice, and procedure, on the part of BH Management.  Plaintiff possess the same interests and has suffered the same injuries as each putative class member.

82.    The named Plaintiff will fairly and adequately represent and protect the interest of the members of the Plaintiff Class because they have no interest antagonistic to the Class they seek to represent, and because the adjudication of their claims will necessarily decide the identical

issues for other class members.  Whether the Defendants' practice of failing to provide proper notice of its intent to assert a claim against the security deposits of Plaintiff and the class violates the FRLTA and/or FCCPA are common issues that will be decided for all other consumers with similar or identical move out packets and collection letters.  There is nothing peculiar about Plaintiff's situation that would make him inadequate as a Class Representative.  Plaintiff has retained counsel competent and experienced in both consumer protection and class action litigation.

83.     A class action is superior to other methods for the fair and efficient adjudication of this controversy because the damages suffered by each individual Class member will be relatively modest, compared to the expense and burden of individual litigation.  It would be impracticable for each Class member to seek redress individually for the wrongful conduct alleged herein because the cost of such individual litigation would be cost prohibitive as individual statutory damages for each violation are capped at $1,000.00 under the FCCPA.  It would be difficult, if not impossible, to obtain counsel to represent Plaintiff on an individual basis for such small claims. In addition, if the consumer were to utilize the Florida Residential Landlord Tenant Act, §83.49(3)(b) to get the Security Deposit back, the same issues would arise, including the need to pay for an attorney and the cost of filing suit and serving BH Management. This is why both the FRLTA and the FCCPA provide for attorney fees to the prevailing Plaintiff.

84.     More importantly, the vast majority of Class members are not aware the Defendant's policies violate the FCCPA and the FRLTA and a class action is the only viable means of adjudicating their rights.  There will be no difficulty in the management of this litigation as a class action as the legal issues affect a standardized pattern of conduct by Defendant and class

actions are commonly used in such circumstances and BH Management has the records necessary to determine class membership and damages.

<u>COUNT I:</u>
**VIOLATION OF THE FLORIDA RESIDENTIAL LANDLORD AND TENANT ACT,
FLA. STAT. § 83.40 *et seq.* ("FRLTA")
On behalf of the Collection Letter Class**

85.    Plaintiff, on behalf of himself, and all others similarly situated, repeat and re-allege paragraphs 1 through 84 as if fully set forth herein.

86.    As residential owners and managers, the relationship between BH Management and their tenants is governed by the Florida Residential Landlord Tenant Act, Fla. Stat. Chapter 83 et seq. ("FRLTA").

87.    *Fla. Stat. § 83.44* states that every rental agreement imposes an obligation of good faith in the performance thereof by the landlord or manager.

88.    *Fla. Stat. § 83.54* gives Plaintiff and the Class the ability to enforce their rights pursuant to the FRLTA by civil action.

89.    After a tenant moves out, Fla. Stat. 83.49(3)(a) requires landlords to either return the deposit in full within 15 days of moveout or send a certified mail notice of intent to impose a claim against a tenant's security deposit within 30 days of move out:

> (a)    Upon the vacating of the premises for termination of the lease, if the landlord does not intend to impose a claim on the security deposit, the landlord shall have 15 days to return the security deposit together with interest if otherwise required, or the landlord shall have 30 days to give the tenant written notice by certified mail to the tenant's last known mailing address of his or her intention to impose a claim on the deposit and the reason for imposing the claim. The notice shall contain a statement in substantially the following form:

> This is a notice of my intention to impose a claim for damages in the amount of  upon your security deposit, due to . It is sent to you as required by s. 83.49(3), Florida Statutes. You are hereby notified that you must object in writing to this deduction from your security deposit within 15 days from the time you receive this notice or I will be authorized to deduct my claim from your security deposit. Your objection must be sent to  (landlord's address)  .

90.     The FRLTA is clear and unambiguous regarding the penalty for the landlord's noncompliance with the Security Deposit Notice Letter requirement:

> If the landlord fails to give the required notice within the 30-day period, he or she forfeits the right to impose a claim upon the Security Deposit and may not seek a setoff against the deposit but may file an action for damages **after return of the deposit**.

*Fla. Stat. § 83.49(3)(emphasis added).*

91.     When a tenant receives a Security Deposit Notice Letter within 30 days of move out, Fla. Stat. § 83.49(3)(b) provides the tenant 15 days to object to the claims made against their security deposit. If the tenant does not object to the claim, under Fla. Stat. §83.49(3)(b) the landlord can only then take possession of the tenant's security deposit monies.  In other words, the landlord cannot apply the security deposit monies towards an outstanding balance in the Security Deposit Letter at all until after a compliance Notice Letter has been provided and the 15 day objection period has expired:

> (b)   Unless the tenant objects to the imposition of the landlord's claim or the amount thereof within 15 days after receipt of the landlord's notice of intention to impose a claim, **the landlord may then deduct the amount of his or her claim and shall remit the balance of the deposit to the tenant within 30 days after the date of the notice of intention to impose a claim for damages.** The failure of the tenant to make a timely objection does not waive any rights of the tenant to seek damages in a separate action.

Fla. Stat. 83.49(3)(b)(emphasis added).

20

92.     The Florida legislature added another section to the FRLTA that prevents landlords from prematurely taking possession of tenants' security deposits to offset security deposit claims, Fla. Stat. § 83.49(1)(a) states that:

> The landlord shall not comingle such moneys with any other funds of the landlord or hypothecate, pledge, or in any other way make use of such moneys *until* such moneys are actually due the landlord.

(Emphasis added).

93.     BH Management took control and possession of Plaintiff's and Class Members Security Deposits prior to sending a compliant Notice Letter pursuant to Fla. Stat. § 83.49(3)(b) and prior to waiting for the 15 day objection period to expire. Fla. Stat. § 83.49(3)(b) is clear that security deposit monies are not due to a landlord until after the 15 day objection period has lapsed without any objection from the tenant.

94.     Here, the 15 day objection period never even began to run because BH Management failed to send a legally sufficient Security Deposit Letter at all. Even if it had, BH Management unlawfully took possession and control over Plaintiff's security deposit on the same day Plaintiff moved out, which is well before any Notice Letter was sent and before the 15 day objection period could have expired.

95.     By doing so BH Management also made use of Plaintiff's and Class Members monies before the use of such monies was actually due the landlord in violation of Fla. Stat. § 83.49(1)(a).

96.     Therefore, BH Management violated Fla. Stat. § 83.49(3)(b) and § 83.49(1)(a) by taking the tenant security deposits prematurely.

97.     Plaintiff and Class Members suffered actual damages by BH Management equal to the amount of any security deposits withheld.

98.     In accordance with Fla. Stat. § 83.48, Plaintiff and the Class are entitled to attorney's fees and costs.

### COUNT II
**VIOLATION OF THE FLORIDA CONSUMER**
**COLLECTION PRACTICES ACT, FLA. STAT. § 559.55** *et seq.* **("FCCPA")**
**On Behalf of the Collection Letter Class**

99.     Plaintiff, on behalf of himself and all others similarly situated in the FCCPA Class, repeats and re-alleges each and every allegation contained in paragraphs 1 through 84 above as if fully set forth herein.

100.     At all times material herein, Plaintiff and the Class members were "debtors" or "consumers" as defined by Fla. Stat. § 559.55(8).

101.     At all times material herein, Plaintiff's security deposit debt and the Security Deposit debt of the Class members were "debts" or "consumer debts" as defined by Fla. Stat. § 559.55(6).

102.     At all times material herein, BH Management was a "person" as referred to under Fla. Stat. § 559.72.

103.     Among the FCCPA's enumerated prohibitions, Fla. Stat. §559.72(9) states that "no person shall"… "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, **or assert the existence of some other legal right when such person knows that the right does not exist**." Fla. Stat. §559.72(9).(emphasis added).

104.     The FRLTA states:

If the landlord fails to give the required notice within the 30-day period, **he or she forfeits the right to impose a claim upon the Security Deposit and may not seek a setoff against the deposit but may file an action for damages after return of the deposit." Fla. Stat.** § 83.49(3)(a).

22

105.     Accordingly, the FRLTA only allows for the landlord to "seek a setoff against the [security] deposit" if a compliant Security Deposit Notice Letter was issues and the 15 day objection period expired without objection by the tenant.

106.     Here, BH Management's systematic policy is to not provide the required Notice Letter explaining its intent to impose a claim against the security deposit before taking possession of the security deposit funds.  Instead of explaining that it intended to impose a claim against the Security Deposit IF no objection was filed within 15 days of receipt of the notice letter, BH Management first took possession and control of the Security Deposit on the date of Plaintiff and Class Members move out, and only later send a letter that failed to include the statutorily required language and providing the tenant 15 days to object. *See* **Exhibits B and C.**

107.     Defendant's practice of deducting claims from the Security Deposit or completely withholding the deposits without first providing a compliant Notice Letter under Fla. Stat. §83.49(3)(a) violates the FCCPA, Fla. Stat. §559.72(9) as it asserts a legal right that BH Management did not have.

108.     Furthermore, § 83.49(3)(a) provides that BH Management cannot "seek a setoff against the deposit" if the required notice is not provided.  Thus, its Collection Letter unlawfully seeks a setoff against the security deposit of Plaintiff and the class as it deducts from the total amount due the amount of the security deposit before it had any legal right to those funds.  As a result, that Collection Letter asserts a legal right that BH Management did not have because at the time the Collection Letter was sent, a compliance Notice had not been given and the 15-day objection period had not expired.

109.     Defendant had full knowledge of the FRLTA as a property management company that handles security deposits at several apartment complexes in Florida and cannot claim

ignorance of the law. It had no right under the law to impose its claims on Security Deposits and collected those funds anyway.

110.     The FCCPA is a strict liability statute and therefore, Defendant should be held liable from its policy of collecting deposits without proper notice.

111.     As a direct and proximate result of Defendant's FCCPA violation, Plaintiff and the FCCPA Class suffered actual damages in the form of (1) security deposits withheld by Defendant; (2) amounts paid to BH Management after sending a Collection Letter in the form of Exhibit B; and statutory interest on such amounts.

112.     Plaintiff and the Class are also entitled to statutory damages of $1,000 per class member and attorney's fees and costs pursuant to Fla. Stat. § 559.77(2).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court enter an Order:

a.     Certifying this action as a class action as provided by Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as Class Representative, and appointing the undersigned as Class Counsel;

b.     Adjudging that BH Management violated the FRLTA and the FCCPA and awarding Plaintiff and Class members actual damages in the Security Deposit amounts collected or withheld by Defendant;

c.     Awarding Statutory damages to Plaintiff and Class Members under the FCCPA;

d.     Awarding Plaintiff(s) their costs and attorneys' fees action pursuant to *Fla. Stat. §§ 83.48*, the Lease Agreement, the FCCPA, and FRLTA; and

e.     Awarding such other and further relief as the Court may deem just and proper.

Dated: January 27, 2023                              **VARNELL & WARWICK, P.A.**

/s/ Matthew T. Peterson
Matthew T. Peterson (FBN 1020720)
Brian W. Warwick (FBN 0605573)
1101 E. Cumberland Ave., Ste. 201H, #105
Tampa, Florida 33602
Telephone: (352) 753-8600
Facsimile: (352) 504-3301
Telephone:  (352) 753-8600
Facsimile:  (352) 504-3301
*bwarwick@vandwlaw.com*
*mpeterson@vandwlaw.com*
*ckoerner@vandwlaw.com*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of January, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Matthew T. Peterson
Matthew T. Peterson