# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DOUGLAS CHIODINI, on behalf of himself and all others similarly situated,**

        **Plaintiff,**

**v.**                                         **Case No: 6:23-cv-147-CEM-DCI**

**BH MANAGEMENT SERVICES,**

        **Defendant.**

## ORDER

Pending before the undersigned on referral is the parties' Joint Motion for Preliminary Approval of Class Settlement and Proposed Notice Plan. Doc. 71 (the Motion). In part, the parties request that the Court preliminary approve the settlement and find that the parties have shown that the Court will likely approve the agreement under Federal Rule of Civil Procedure 23 and will certify the settlement class. *Id.* "'Whether a class is certified for settlement or for trial, the Court must find that the prerequisites for class certification under Rule 23(a) and (b) of the Federal Rules of Civil Procedure are met.'" *Roll v. Enhanced Recovery Co., LLC*, 2021 WL 7501160, at *1 (M.D. Fla. Nov. 10, 2021), *report and recommendation adopted by*, 2021 WL 7501164 (M.D. Fla. Dec. 17, 2021) (quoting *Diakos v. HSS Sys., LLC*, 137 F.Supp. 3d 1300, 1306 (S.D. Fla. 2015)).

With respect to Rule 23(a)(4), the Court has concerns regarding Douglas Chiodini's ability to adequately represent both proposed settlement classes. Chiodini[1] seeks, without opposition, to certify two groups for settlement purposes:

---

[1] The Motion is jointly filed but the parties specify that Defendant has agreed to certification of the two proposed classes for settlement purposes only and does not contest Chiodini's arguments. Doc. 71 at 23.

>   <u>The Security Deposit Class</u>: All persons in the State of Florida who (1) leased a dwelling unit in a property managed by BH Management; (2) did not receive a Fla. Stat. §83.49(3)(a) compliant notice letter; (3) had any portion of their security deposit retained; and (4) do not owe an alleged balance to BH Management or to the property owner. (There are 5,207 members of the Security Deposit Class).
>
>   <u>The Security Deposit Balance Class</u>: All persons in the State of Florida who (1) leased a dwelling unit in a property managed by BH Management; (2) did not receive a Fla. Stat. §83.49(3)(a) compliant notice letter; (3) had any portion of their security deposit retained; and (4) allegedly owe a balance to BH Management or to the property owner. (There are 827 members of the Security Deposit Balance Class).

Doc. 71 at 14 to 15.

A primary distinction, therefore, exists between each class based on whether Defendant claims the class members still owe a balance. *See id*. Chiodini seems to only belong to the Security Deposit Balance Class but seeks to represent all members.[2] Rule 23(a)(4) requires that "the representative parties. . . fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Supreme Court has stated that the "adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997) (citations omitted). The adequacy requirement, therefore, "encompasses two separate inquiries: 1) whether any substantial conflicts of interest exist between the representatives and the class; and 2) whether the representatives will adequately prosecute the action." *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003).

The Court questions whether Chiodini can provide adequate representation when his proposed class may have divergent interests from the individuals who do not purportedly owe

---

[2] The parties explain that "[Defendant] sent, via email, a letter to Chiodini stating that he owed $402.32 in addition to the $400 security deposit already withheld, and attached a moveout statement reflecting the cost of the carpet cleaning and blinds replacement." Doc. 71 at 13.

money to Defendant. The parties do not assist the Court in finding an answer to that inquiry because they provide no analysis on it. Instead, they include a general citation to authority regarding the class representation factor and summarily conclude that "the named Plaintiff in this matter has no interests antagonistic to the class that he seeks to represent." Doc. 71 at 29. The Court is not sure that statement is accurate because the issue is simply not briefed.

And the Court is especially hesitant to find that Chiodini can adequately represent both classes at this juncture based on the settlement structure and the attorney fee provision. The parties provide that Defendant is permitted to file an action for damages against class members it alleges owe money after Defendant returns the unlawfully retained security deposits. Doc. 71 at 16. The parties claim that Defendant agrees to release collection of certain amounts and "[t]he Plaintiff and the Class will therefore receive non-monetary benefits with a total value of $419,178.47 under the Settlement Agreement." *Id*. at 17. Specifically, the parties provide the following:

> In this case, the constructive common fund should therefore be considered to be the combination of the amount of monies refunded to the Class members of $572,851.00, the non-monetary benefit of the $419,178.47 released in Defendant's potential claims against the Security Deposit Balance Class members, the agreed upon and therefore expected Attorney's Fee based on arms-length negotiation of $396,148.34, and litigation costs of $21,000. Therefore, the payment to the class, the non-monetary benefit to the class, the expected payment to counsel and the expected expenses together totals $1,409,178.47.

*Id*. at 42.

Based on these figures, the parties argue that the expected attorney fee amount is reasonable because it falls "within the range of typical common fund fees," between 20% and 30%. *Id*. But the parties are only able to claim that the fee is typical at 28% if they include the $419,178.47 "non-monetary benefit" figure into the total. Yet the "non-monetary benefit" seems to only "benefit" the class made up of members who purportedly owe a balance. By increasing the total "constructive common fund" by adding in $419,178.47—a value that is not extended to the

Security Deposit Class—to reach $1,409,178.47, the attorney fees seem reasonable at 28 percent. If the "non-monetary benefit" is removed, however, from the equation and the $396,148.34 fee is then reviewed for fairness, the percentage looks quite different. The point is that if attorney fees can be determined based on the total settlement fund as the parties contend, and the total fund includes a "value" or "benefit" that extends to only one class—Chiodini's class—the Court is not sure that Chiodini can adequately represent the class that may not need the "benefit" for purposes of determining an appropriate amount to go to the attorneys.[3]

Also, the Security Deposit Class members will receive a payment equal to 50% of the security deposit totaling $541,528.00 but the Security Deposit Balance Class will only receive $31,323.66 as cash relief (along with the "non-monetary benefit"). Doc. 71 at 15 to 16. Without more, it is not clear how Chiodini represents the interests of both of classes without conflict when the monetary value for the settlement is drastically different between the groups. He might be able to, but with virtually no analysis on the issue the Court is not persuaded. To be clear, the Court does not find that the proposed fund creates a conflict or that Chiodini cannot represent more than one group, but the parties need to provide a legal basis to support the conclusion that Chiodini has "no interests antagonistic to the class that he seeks to represent."

Likewise, the Court requires that the parties address some of the language in the Proposed Notice. The only notice before the Court is the Proposed "Class Action Settlement Notice" attached to the Motion. (the Proposed Notice). Rule 23(c)(2) requires that the notice to all class members shall be as "best [as] practicable under the circumstances, including individual notice to

---

[3] The parties say the "class" in general gets the value of $419,178.47 but that does not seem accurate based on the parties' statement that "[t]he Security Deposit Balance Class will receive $31,323.66 of cash relief and $419,178.47 of balance debt relief." Doc. 71 at 16, 17.

all members who can be identified through reasonable effort." *Mills v. Am. Online, Inc.*, 202 F.R.D. 297, 305 (M.D. Fla. 2001) (citing Fed. R. Civ. P. 23(c)(2)(B)). Rule 23(c)(2)(B) requires that class notice contain the following:

      (i)      The nature of the action;

      (ii)     The definition of the class certified;

      (iii)    The class claims, issues, or defenses;

      (iv)    That a class member may enter an appearance through an attorney if the member so desires;

      (v)     That the court will exclude from the class any member who requests exclusion; and

      (vi)    The binding effect of a class judgment on members under Rule 23(c)(3).

There are a few issues with the Proposed Notice. First, the parties do not include a definition of the classes within the Proposed Notice. *See* Doc. 72-1. Instead, the parties refer generally to the "Settlement Class," which might cause confusion given the distinction between the two groups that appear to fall under that term.

Second, according to the Proposed Notice, "All Class Members will release BH Management from all liability from the *claims* in the lawsuit." *Id*. at 2 (emphasis added). That statement is true, but it appears that the release is broader. *See* Doc. 71-1 at 4. The Court does not imply that the entire release should appear in the notice, but it seems the current language could be modified to reflect the true nature of the release.

Third, the payout language appears too broad. The parties initially state in the Proposed Notice that "you *may* receive a refund described on the back of this notice." Doc. 71-2 at 2 (emphasis added). But the Proposed Notice then includes the following language: "If and when

the Settlement is finally approved by the Court, a Settlement payment calculated in accordance with the Settlement Agreement *will be* mailed to you at the same address as this Notice." *Id*. (emphasis added). The Court understands that the calculation might be $0.00 but the statement seems to guarantee a payment. Again, it appears that the sentence could be easily modified to avoid confusion.

Finally, while a class member may opt out, there is no mention that the class member may enter an appearance through an attorney. *See* Doc. 71-2. As such, the Proposed Notice appears deficient. The Court notes that the parties refer the recipient of the notice to a website. *Id*. Whether that website is sufficient remains to be seen, but if it is the parties' contention that a notice need not include certain language because it can be found elsewhere (e.g., on a website), then the parties need to refer the Court to the legal authority to support that position.

Based on the foregoing, it is **ORDERED** that **on or before March 10, 2025**, the parties shall file a supplement to address the Court's concerns discussed within this Order. In the alternative, the parties may within the allotted time file a renewed joint motion along with a revised proposed order, in which case the Court would consider only the renewed joint motion and moot the pending motion.

Ordered in Orlando, Florida on February 25, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy