**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DOUGLAS CHIODINI, on behalf of**
**himself and all others similarly situated,**

      **Plaintiff,**

v.                                                      Case No: 6:23-cv-147-CEM-DCI

**BH MANAGEMENT SERVICES,**

      **Defendant.**

## ORDER

Douglas Chiodini (Plaintiff) initiated this case on behalf of himself and others similarly situated and alleges that BH Management Services (Defendant) violated the Florida Residential Landlord Tenant Act (FRLTA) and the Florida Consumer Collection Practices Act (FCCPA). Doc. 1. Pending before the undersigned is the parties' Joint Motion for Preliminary Approval of Class Settlement and Proposed Notice Plan. Doc. 71 (the Motion). At the undersigned's direction, the parties filed a supplement to the Motion to address certain issues. Doc. 74 (the March 10, 2025 Supplement). Upon review, the undersigned recommended to the Court that the Motion be granted in part to the extent that: (1) the settlement classes be preliminarily certified for settlement purposes; (2) the settlement be preliminarily approved as fair, reasonable, and adequate, if the parties amend the Settlement Agreement to reflect the correct costs; (3) Plaintiff be appointed as representative; (4) deadlines be set and a final approval hearing and briefing be scheduled as the

Court deemed appropriate; and (5) and the parties be given an opportunity to cure the deficiencies of the proposed notice (the Short-Form Notice).[1]  Doc. 75 (the Report and Recommendation).

The undersigned recommended that the Court deny the remainder of the Motion but suggested to the parties to file a notice during the 14-day Report and Recommendation objection period to address or rectify certain issues related to the Short-Form Notice[2] and the requested relief. *Id*. at 34.[3]  The parties did not file an objection to the Report and Recommendation but filed a Joint Supplement to Preliminary Approval.  Doc. 76 (the June 24, 2025 Supplement).

---

[1] While the undersigned referred to the notice as the "Proposed Notice" in the Report and Recommendation, the undersigned now refers to the document as the "Short-Form Notice" to clearly differentiate it from the Long-Form Notice.

[2] Specifically, the undersigned found that the Short-Form Notice appeared deficient under Federal Rule of Civil Procedure 23(c)(3) because: (1) the parties did not include a definition of the two Settlement Classes—the Security Deposit Class and the Security Deposit Balance Class—within the Short-Form Notice and instead referred generally to the "Settlement Class"; (2) according to the Short-Form Notice, "All Class Members will release BH Management from all liability from the claims in the lawsuit" but the release within the Settlement Agreement appeared broader; (3) the payout language in the Short-Form Notice also appeared too broad; and (4) while a class member may opt out, there was no mention that the class member may enter an appearance through an attorney.  Doc. 73.  In essence, the parties sought to use only a "post-card" notice and to refer the purported class to a website to discover the additional information, but the undersigned found that the parties provided no legal authority to support this method of notice.  *Id*.  The parties subsequently filed the March 10, 2025 Supplement but did not successfully address the undersigned's concerns and, therefore, the undersigned recommended that the Court should not approve the Short-Form Notice.  Doc. 75 at 29 to 30.

[3] Namely, in the Motion the parties moved for a preliminary injunction and a stay of "all proceedings" but did not adequately brief the requests for the relief.  *Id*. at 32 to 33.  The undersigned, therefore, suggested to the parties that they file a notice during the objection period to further address the requests for relief.  *Id*. at 33 n.20.  Likewise, the undersigned found the Short-Form Notice to be deficient in certain respects and suggested that the parties either amend the Short-Form Notice or provide supplemental authority to support their apparent position that the Short-Form Notice was adequate.  *Id*. at 31 n. 18.  Since the parties characterize the Motion as "time-sensitive," the undersigned saw an opportunity for the parties to file such a notice to expedite the preliminary approval through amendment or supplemental argument.

In the June 24, 2025 Supplement, the parties primarily focus on the identified shortcomings of the Short-Form Notice and state that they "agreed to substitute a long-form notice that will be mailed the [sic] class and will replace the post-card notice at [Dkt. 71-2]." *Id*. at 2. The parties provide a copy of the long-form notice (Doc. 76-1, the Long-Form Notice) and assert that "[t]he long-form notice (1) lists the complete class definitions ([Doc. 76-1] p. 3); (2) includes the complete and exact release language from the settlement agreement ([Doc. 76-1] p. 4); (3) the exact payout language, including examples for what hypothetical class members will receive ([Doc. 76-1] p. 3–4); and (4) mentions appearance of an attorney ([Doc. 76-1] p. 5–6)." *Id*. Overall, the parties request that the Court adopt the Report and Recommendation and schedule a "final fairness hearing date that is 80-85 days after the date of preliminary approval." *Id*. at 2.[4]

The parties have since filed a "Notice, Consent, and Reference of a Dispositive Motion to a Magistrate Judge" to consent to the undersigned to enter a final order on the Motion and the June 24, 2025 Supplement. Doc. 77. On July 15, 2025, the United States District Judge referred the Motion and the June 24, 2025 Supplement to the undersigned. Doc. 79.

The Motion is due to be granted with a few caveats. First, in the Order dated February 25, 2025, the undersigned expressed concern because according to the Short-Form Notice, "All Class

---

[4] The parties filed a proposed order and included a schedule for various dates including the Final Approval Hearing. Doc. 72-1 at 18 to 19 (the Proposed Schedule). While the parties now apparently seek to move up the Final Approval Hearing, the undersigned notes that the parties request in the Proposed Schedule that the Final Approval Hearing be 90 days after the *notice date*. Doc. 72-1 at 19 (emphasis added). Without additional discussion regarding the parties' latest request to conduct the hearing within 80-85 days of this *Order*, the undersigned is not inclined to shorten the schedule. If the undersigned did so, it seems that there would be insufficient time for notice, an objection and opt-out periods, and for the parties to file the motion for final approval before the Final Approval Hearing. At the very least, the Court would not have an adequate opportunity to review the final motion for approval before the hearing. Accordingly, without more, the Court is inclined to adopt the parties' Proposed Schedule except for the proposed date for the Final Approval Hearing which is now scheduled for December 3, 2025.

members will release BH Management from all liability from the claims in the lawsuit" but the release within the Settlement Agreement appeared broader than that language. Doc. 73. The parties filed the March 10, 2025 Supplement but did not satisfactorily address the undersigned's concerns about the release language. Doc. 75. Accordingly, the undersigned recommended that the Court not approve the Short-Form Notice. *Id*. The parties did not object the Report and Recommendation, but still include the same release language that appeared in the Short-Form Notice within the Long-Form Notice. Docs. 71-2; 76-1. For the reasons stated in the February 25, 2025 Order and the Report and Recommendation (Docs. 73, 75), the Court finds that amendment to the Long-Form Notice is necessary to reflect that the release includes the "Released Claims" as the parties define the term in the Settlement Agreement.

Second, in the Motion the parties explain that "[f]ollowing execution of the settlement agreement, but just before submitting preliminary approval, the Defendant opted to utilize a claims administrator at a cost of approximately $27,000." Doc. 71 at 42 n.7. As such, the parties contended that "[t]he $27,000 should have been added to the common fund, bringing the total to $1,434,178.47." Docs. 71 at 42 n.7; 74 at 12. The undersigned recommended that the Court should direct the parties to amend the Settlement Agreement to reflect the cost. Doc. 75 at 24 n.12, 33. The parties did not object to the Report and Recommendation and, therefore, the undersigned finds that the parties must amend the Settlement Agreement to reflect the new cost.

Finally, the parties filed the June 24, 2025 Supplement and addressed the undersigned's concerns regarding the deficient notice to the class, but the parties did not provide clarification or any analysis regarding the request for an injunction or to stay "all proceedings." *See* Doc. 76. Accordingly, the undersigned deems the requests for relief to be abandoned.

Based on the foregoing and upon due consideration, it is **ORDERED** that:

1. the Report and Recommendation (Doc. 75) is **ADOPTED**;

2. the Motion (Doc. 71) is **GRANTED in part** to the extent that:

    a. the following classes[5] for purposes of settlement are **PRELIMINARILY CERTIFIED**:

    - The Security Deposit Class: All persons in the State of Florida who (1) leased a dwelling unit in a property managed by BH Management; (2) did not receive a Fla. Stat. §83.49(3)(a) compliant notice letter; (3) had any portion of their security deposit retained; and (4) do not owe an alleged balance to BH Management or to the property owner. (There are 5,207 members of the Security Deposit Class).

    - The Security Deposit Balance Class: All persons in the State of Florida who (1) leased a dwelling unit in a property managed by BH Management; (2) did not receive a Fla. Stat. §83.49(3)(a) compliant notice letter; (3) had any portion of their security deposit retained; and (4) allegedly owe a balance to BH Management or to the property owner. (There are 827 members of the Security Deposit Balance Class);

    b. the Settlement Agreement (Doc. 75-1) is **PRELIMINARLY APPROVED** as fair, reasonable, and adequate to the extent the parties amend the Settlement Agreement to reflect the cost for the administrator;

    c. Plaintiff is **APPOINTED** as class representative;

    d. Plaintiff's counsel are **APPOINTED** as class counsel;

    e. the Long-Form Notice (Doc. 76-1) is **APPROVED** to the extent that the parties amend the Long-Form Notice to reflect that all class members will release Defendant from all liability from the "Released Claims" as the parties define the term in the Settlement Agreement (Doc. 71-1 at 4);

---

[5] In the Motion, the parties refer to the two Settlement Classes collectively as "the Settlement Class," but the undersigned noted in the Report and Recommendation that grouping the two together under the singular "class" might be misleading. Doc. 75 at 3 n.2. The parties still use the term "class" in the Settlement Agreement and Long-Form Notice but also clearly define "class" to include the two classes—the Security Deposit Class and the Security Deposit Balance Class. Docs. 75-1 at 3; 76-1 at 3.

- 6 -

    f.  immediately upon compliance with paragraph 2(b) and (f) of this Order, the parties shall file a notice of compliance and attach copies of the revised Settlement Agreement—to reflect the cost for the administrator—and the Long-Form Notice—to reflect that the release is from liability from the "Released Claims";

    g.  the parties' Proposed Schedule (Doc. 72-1 at 18 to 19) is **ADOPTED** except for the date of the Final Approval Hearing. The final approval hearing is set for December 3, 2025 at 10:00am in Orlando Courtroom 5B before Judge Carlos E. Mendoza. The final approval hearing may be postponed, adjourned, or continued by order of the Court without further notice to the settlement classes; and

3.  the remainder of the Motion (Doc. 71) is **DENIED**.

Ordered in Orlando, Florida on July 29, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy